Filed 1/25/22  P. v. Bradley CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>CONNIE BRADLEY,<br><br>　　Defendant and Appellant. | D078769<br><br><br>(Super. Ct. No. SCD287726) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed as modified.

Elisabeth R. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Arlene A. Sevidal, Acting Senior Assistant Attorney General, Charles C. Ragland and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

In this appeal from a judgment imposing a prison sentence, we are concerned about a $154 criminal justice administration fee.  The superior court has already vacated the unpaid portion of the fee pursuant to recent legislation.  Because the parties agree to an amendment of the abstract of

judgment to reflect vacatur of the fee which remained unpaid as of July 1, 2021, we will direct the trial court to do so. With the agreement of the parties, we will remand the case to the trial court with directions to amend the abstract of judgment. We will otherwise affirm the judgment as modified.

PROCEDURAL BACKGROUND

In 2021, Connie Bradley pleaded guilty to burglary of an inhabited dwelling (Pen. Code,[1] §§ 459 & 460, subd. (a)) and unlawfully driving a vehicle (Veh. Code, § 10851, subd. (a)). Bradley also admitted a prior strike (§ 667, subds. (b)-(i)). Bradley was sentenced to a determinate term of six years eight months in prison.

The court imposed various fines, fees, and assessments, one of which was a $154 criminal justice administration fee (Gov. Code, § 29550, et seq.).

Bradley appeals, contending the $154 fee is no longer authorized and thus it must be vacated. Recognizing the court has already vacated the unpaid portion of the fee in compliance with Assembly Bill No. 1869 (Assembly Bill 1869 (2019-2020 Reg. Sess.)), Bradley contends the minute order and the abstract of judgment must be amended to vacate the fee in its entirety. The Attorney General agrees the abstract of judgment must be amended to show the vacatur of the fee which is unpaid as of July 1, 2021. Because the parties agree to an amendment of the abstract of judgment to reflect vacatur of the fee which remained unpaid as of July 1, 2021, we will direct the trial court to do so.

DISCUSSION

Assembly Bill 1869 eliminates the criminal justice administration fee for future cases. For prior cases in which the entire fee has not been paid as

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

of July 1, 2021, the statute requires the trial court to vacate the unpaid portion of the fee. It is not disputed that the trial court has already complied with the statutory mandate. All that remains is the paperwork which the trial court has not completed pending the remittitur from this court. We will therefore remand the case to the Superior Court with directions to amend the abstract of judgment.

## DISPOSITION

The case is remanded to the Superior Court with directions to amend the abstract of judgment to reflect the vacatur of the unpaid portion of the criminal justice administration fee as of July 1, 2021. The court shall forward the amended abstract to the California Department of Corrections and Rehabilitation. The judgment is affirmed as modified.

HUFFMAN, Acting P. J.

WE CONCUR:

DATO, J.

DO, J.

3